An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CURTIS LUNDY DOWNING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61310

**FILED**

APR 09 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE AND DIRECTING DISTRICT COURT TO CORRECT JUDGMENT OF CONVICTION

This is a proper person appeal from an order of the district court denying a motion to correct an illegal sentence or to modify a sentence.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

In his motion filed on June 8, 2012, appellant claimed that the judgment of conviction failed to specify the minimum parole eligibility term for counts 2, 3, and 4.

A motion to correct an illegal sentence may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. Edwards v. State, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). A motion to modify a sentence "is limited in scope to sentences based on mistaken assumptions about a defendant's criminal record which work to the defendant's extreme detriment." Id.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10415

Appellant's claim fell outside the narrow scope of claims permissible. Failure to specify the minimum term does not render the sentence illegal nor does it implicate the jurisdiction of the district court. Further, failure to specify the minimum term for parole eligibility is not a mistake about the defendant's criminal record. Thus, the district court did not err in denying the motion.

However, we note NRS 176.105(1)(c) requires the judgment of conviction to set forth the term of imprisonment and a reference to the applicable provision of the statute if necessary to determine parole eligibility, and failure to specify a parole eligibility may be a clerical error susceptible to correction at any time. NRS 176.565. Here, the judgment of conviction set forth the term of imprisonment, life, but did not specify the minimum parole eligibility term or reference a specific subsection of NRS 200.366. A review of the record, including the information and the verdict forms, indicates that the offenses in this case involved sexual assault with a deadly weapon, without any allegation of substantial bodily harm.[2] Thus, the minimum parole eligibility term for the offenses committed on or about January 21, 1993, was a term of five years for each sexual assault, with an equal and consecutive term of five years for each deadly weapon enhancement, the terms for each count ordered to be served consecutively. See 1991 Nev. Stat., ch. 250, § 1, at 612-13 (NRS 200.366(2)(b)(1)); 1991 Nev. Stat., ch. 403, § 6, at 1059 (NRS 193.165(1)). Because the district court has the authority to correct a clerical error at any time, we direct the district court to enter a corrected judgment of conviction, nunc pro tunc to the original sentencing date, setting forth the

---

[2]In opposing the motion, the State asserts that the offenses involved substantial bodily harm to the victim, but the information and verdicts do not support this assertion.

corrected sentences for counts 2, 3, and 4, as follows: (1) for count 2, a term of life with the possibility of parole after 5 years, with an equal and consecutive term of life with the possibility of parole after 5 years, to be served consecutively to count 1; (2) for count 3, a term of life with the possibility of parole after 5 years, with an equal and consecutive term of life with the possibility of parole after 5 years, to be served consecutively to count 2; and (3) for count 4, a term of life with the possibility of parole after 5 years, with an equal and consecutive term of life with the possibility of parole after 5 years, to be served consecutively to count 3.[3] The district court shall further correct the statutory reference to NRS 200.366(2)(b). Accordingly, we

ORDER the judgment of the district court AFFIRMED and direct the district court to CORRECT the judgment of conviction as set forth above.

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                          Cherry

cc:     Hon. Elissa F. Cadish, District Judge
        Curtis Lundy Downing
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[3]The sentences for counts 1 and 5 do not require correction.

SUPREME COURT
OF
NEVADA

(O) 1947A